No. 21-\_\_\_\_
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

A<span>NDREW</span> G<span>RIMM</span>,

*Plaintiff-Appellant*,

v.

C<span>ITY OF</span> P<span>ORTLAND</span>,

*Defendant-Appellee*.

On Petition for Permission to Appeal
from the United States District Court for the District of Oregon
No. 3:18-cv-00183-MO
Hon. Michael W. Mosman, United States District Judge

**PETITION FOR PERMISSION TO APPEAL UNDER RULE 23(f)**

Gregory Keenan
D<span>IGITAL</span> J<span>USTICE</span> F<span>OUNDATION</span>
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Andrew Grimm*

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ........................................................................2

ANTICIPATED QUESTIONS PRESENTED ......................................................2

PRELIMNIARY BACKGROUND ........................................................................4

RELIEF SOUGHT ...................................................................................................5

STANDARD OF REVIEW ....................................................................................5

REASONS FOR GRANTING REVIEW ..............................................................6

CONCLUSION .........................................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1292(e), Federal Rule of Civil Procedure 23(f), and Federal Rule of Appellate Procedure 5. The District Court denied class certification in an oral ruling on September 30, 2021. A transcript of that oral ruling has not yet been requested but will be requested summarily.

## ANTICIPATED QUESTIONS PRESENTED

The District Court denied class certification in an oral ruling. A transcript of that oral ruling ahs not yet been requested but will be requested summarily. In addition, clarification is being sought on a number of topics that the oral ruling did not expressly address. Once the transcript is provided and clarification is provided by the District Court, the undersigned counsel intends to confirm, amend, and/or supplement this Petition.

Based on the notes of the oral ruling taken by the undersigned, the undersigned believes that the District Court's class-certification oral ruling will raise the following issues:

- **Class-Certification Discovery:** Whether the District Court can deny class-certification without permitting any class-certification discovery.

- **Typicality**: Whether the Defendant-Respondent has adequately pleaded purported atypical defenses; whether those defenses are available in these circumstances as a matter of law; whether a proposed class representative with live claims can suffer statute of limitations problems; and/or whether the District Court erred in denying class certification with prejudice rather than without prejudice to renewing the request for class certification after the resolution of the purportedly atypical defense or without prejudice to introduction of new class representatives after obtaining discovery and ascertaining the class.

- **Adequacy**: Whether adequacy is considered merely for those attorneys who have appear or whether it also includes the competencies and experiences of class-action counsel in the firms at the issue; whether a significant increase in settlement offer amount after a governmental defendant takes policy change off the table during settlement negotiations is improper for a plaintiff who later becomes a proposed class representative; and whether a court should deny certification with prejudice when it's concerns about adequacy could be easily remedied via additional and/or substitute propose class counsel and/or class representatives.

- **Superiority**: Whether a class-action is a superior vehicle to thousands of individual pre-towing notice due process cases.[1]

## PRELIMNIARY BACKGROUND

This case has involved essentially four stages.

First, the District Court dismissed the case by applying the three-factor Mathews balancing to a notice claim and relying almost entirely on an unpublished memorandum disposition. See generally Grimm v. City of Portland, No. 3:18-cv-183-MO, 2018 U.S. Dist. LEXIS 63656 (D. Or. Apr. 16, 2018).

Second, on appeal, the Ninth Circuit reversed and remanded this case, holding both that the District Court had applied the incorrect legal standard for determining the *method* of notice that must be attempted (the Mathews standard instead of the Mullane-Jones test) and that it had erred in relying almost entirely on an unpublished memorandum decision. See generally Grimm v. City of Portland, 971 F.3d 1060 (9th Cir. 2020). In doing so, this Court reiterated a core Constitutional principle and fashioned a presumption that pre-towing must be given in most circumstances. Id. at 1064 ("In short, pre-towing notice is presumptively required.").

---

[1] Again, these are the anticipated issues based on the undersigned's notes of the District Court's oral ruling, but are anticipated to be updated upon the transcript of the oral ruling.

Third, on remand, the District Court permitted amendment to assert class-action allegations.

Fourth, without permitting any class-certification discovery, the District Court denied the certification motion (seemingly with prejudice) on the facts of typicality, adequacy, and superiority.

A transcript detailing the contours of that decision is outstanding.

## RELIEF SOUGHT

The Court should grant Rule 23(f) review and reverse the denial of class-certification discovery and the denial of class-certification with prejudice.

## STANDARD OF REVIEW

Rule 23(f) review is warranted when a certification order (1) "presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review," or (2) is "manifestly erroneous." Chamberlan v. Ford Motor Co., 402 F.3d 952, 959 (9th Cir. 2005) (per curiam).

## REASONS FOR GRANTING REVIEW

The District Court's refusal to provide any class-action discovery and refusal to permit additional and/or substitute proposed class representatives and proposed class counsel—to refuse any chance to overcome its perceived deficiencies in the case—is likely manifestly erroneous.

In addition, it is likely that the District Court has ventured into open questions of law regarding relation back, typicality, adequacy, and the superiority question as applied in the context of pre-towing notice.

Upon receiving the transcript, appellate counsel intends to supplement these rationales that precisely attuned to the exact reasons provided by the District Court at oral ruling.

## CONCLUSION

This Court should grant review under Rule 23(f).

Date: October 14, 2021        Respectfully submitted,

DIGITAL JUSTICE FOUNDATION

*/s/ Gregory Keenan*
Gregory Keenan
81 Stewart Street
Floral Park, NY 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Andrew Grimm*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that:

This Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **1323** words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.


Date: October 14, 2021                Respectfully submitted,

                                      DIGITAL JUSTICE FOUNDATION

                                      */s/ Gregory Keenan*
                                      Gregory Keenan
                                      81 Stewart Street
                                      Floral Park, NY 11001
                                      (516) 633-2633
                                      gregory@digitaljusticefoundation.org

                                      *Attorney for Appellant Andrew Grimm*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I electronically filed the foregoing PETITION FOR PERMISSION TO APPEAL with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: October 14, 2021

Respectfully submitted,

DIGITAL JUSTICE FOUNDATION

*/s/ Gregory Keenan*
Gregory Keenan
81 Stewart Street
Floral Park, NY 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Andrew Grimm*